UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBYN SMITH**, Administrator
of the Estate of Joseph J. Smith, III

      **Plaintiff,**

  v.                                  Case No.: 2:18-cv-00819
                                          JUDGE GEORGE C. SMITH
                                          Magistrate Judge Deavers

**JOHN D. BALUCH**, *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4). Plaintiff responded in agreement (Doc. 10). For the following reasons, the Defendant's Motion is **GRANTED.**

This action was brought by Plaintiff Robyn Smith, on her own behalf and as Administrator of the Estate of Joseph J. Smith, III. (Doc. 3, Compl. at ¶ 4). The Complaint alleges that Defendants (several medical providers including Hopewell Health Clinic, Inc., Hopewell's Chillicothe Primary Health Care Clinic, and Hopewell's employee Dr. Crawford) were negligent in failing to timely diagnosis Mr. Smith's prostate cancer and that their actions fell below the requisite standard of care. (*Id.* at ¶¶ 7, 8, 10, 37). Mr. Smith died on April 5, 2018. (*Id.* at ¶ 1). This action was initially brought in State Court and was later removed to Federal Court on August 9, 2018. (*See id.*). "Two days after Smith brought her state court action, she filed an administrative tort claim with the United States Department of Health and Human Services." (Doc. 4, Mot. to Dismiss at 3).

Defendant United States of America argues that the action against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 4, Mot. to Dismiss at 1). The United States argues that Plaintiff has failed to exhaust administrative remedies available under the Federal Tort Claims Act, which is required for this Court to have subject matter jurisdiction. (*Id.*). The Federal Tort Claims Act "is the exclusive remedy for personal injury or death caused by employees of the Public Health Service acting in the scope of their employment at the time of the alleged malpractice." (*Id.* at 4). The claim must be presented to the federal agency—in this instance, the Department of Health and Human Services—and the agency must dispose of the claim before judicial action can be taken. (*Id.* at 3, 5). Plaintiff "agrees that the Court lacks subject matter jurisdiction until all administrative remedies have been exhausted." (Doc. 12, Resp. at 2). Furthermore, "Plaintiff's counsel has communicated with Defendant United States' Counsel and agrees that a dismissal is appropriate, only against the United States." (*Id.*) "Plaintiff and the United States agree that the Court should order dismissal of this case pursuant to Civ. R. 41(a)(2), other than on the merits, and remand this case back to State Court . . . ." *Id*.

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id*. As both parties are in agreement regarding dismissal of the action against Defendant United States of America, the Court finds dismissal to be proper in light of the fact that administrative remedies required under the Federal Tort Claims Act have not been exhausted. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff admits that administrative remedies have not been exhausted

and therefore dismissal of all claims against the United States is appropriate as the Court lacks subject matter jurisdiction.

Furthermore, the Court shall remand this case back to state court as Plaintiff has state law claims against the remaining Defendants that she intends to pursue. (Doc. 12, Resp. at 2). "If at any time before final judgment it appears that the court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A district court may remand *sua sponte* for lack of subject matter jurisdiction…" *Anthony Marano Co. v. Sherman*, 925 F.Supp.2d 864, 865 (E.D. Mich. 2013). This Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies, therefore this action shall be remanded.

Based on the foregoing, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED.** This action is to be **REMANDED** to state court for further proceedings.

The Clerk shall **REMOVE** Document 4 from the Court's pending motions list. The Clerk shall **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**